UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:23 CR 476** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| **Shane M. Williams,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 35). For the following reasons, the defendant's motion is DENIED.

**Facts**

On May 2, 2024, the defendant pled guilty to Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), pursuant to a

1

written plea agreement. On September 5, 2024, he was sentenced to a total term of imprisonment of 46 months followed by three years of supervised release.

This matter is now before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

**Discussion**

Defendant sets forth four grounds for relief. For the following reasons, the Court agrees with the government that none warrants relief.

In Ground One, defendant contends that his conviction under 18 U.S.C. § 922(g)(1) is

unconstitutional given the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

First, defendant knowingly and voluntarily waived his right to collaterally attack his conviction or sentence pursuant to paragraph 19 of his plea agreement. (Doc. 19). *United States v. Cannon,* 2024 WL 3253270 (N.D. Ohio July 1, 2024)("[P]lea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable" as long as "the appeal waiver agreement is made knowingly and voluntarily.") (citations omitted). At the time of defendant's plea, this Court conducted a thorough plea colloquy in which the Court determined that the guilty plea was knowing, voluntary, and without threat or coercion, and that defendant understood the terms of the plea agreement, including the waiver of his appellate rights. Accordingly, defendant waived his right to collaterally challenge his conviction.

Second, this Court has already rejected a defendant's motion to dismiss the indictment on the basis that § 922(g)(1) is unconstitutional under *Bruen*, and the Sixth Circuit affirmed the decision. *United States v. Watson*, 2025 WL 833246, at *1 (6th Cir. Mar. 17, 2025)("We recently held in *United States v. Williams* that § 922(g)(1) 'is constitutional on its face.' 113 F.4th 637, 662 (6th Cir. 2024).") Defendant also attempts to raise an as-applied challenge to § 922(g)(1). The Sixth Circuit recognized in *Watson* that "§ 922(g)(1) is constitutional both on its face and as applied to dangerous people." The Court agrees with the government that defendant's criminal history shows that he is dangerous. (Doc. 37 at 10).

For these reasons, Ground One fails.

In Ground Two, defendant claims ineffective assistance of counsel on the basis that

3

counsel never informed him that he could challenge the constitutionality of § 922(g)(1).

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

For the reasons stated in Ground One, plaintiff is unable to show that counsel was ineffective for failing to raise a meritless claim. Defendant cannot show either that his counsel's performance fell below an objective standard of reasonableness or that counsel's failure to raise a *Bruen* challenge resulted in prejudice to him given the constitutionality of the statute.

Ground Two fails.

In Ground Three, defendant asserts that the "Court accepted a plea of guilty with defendant unknowing of the validity of the statute." Defendant does not provide supporting facts or explanation for this claim. Assuming defendant is referring to the constitutionality of § 922(g)(1), the claim fails for the reasons already discussed. Moreover, there is nothing in the record and defendant has not pointed to anything to indicate that his guilty plea was anything but knowing and voluntary.

Ground Three fails.

Ground Four asserts that defendant "received 6 criminal history points for 1 prior conviction." No support is given for this claim. The Court agrees with the government that defendant's six criminal history points for two prior convictions were correctly calculated in the Presentence Investigation Report. (Doc. 21 at 7-8).

Ground Four fails.

**Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

    IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge